IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02483-BNB

TROY LEE SCHNEIDER,

    Plaintiff,

v.

BOULDER COUNTY PUBLIC DEFENDERS OFFICE, and
NELISSA MILFELD, Public Defender,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Troy Lee Schneider, currently is incarcerated at the Boulder County Jail. He initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution were violated by his public defender and the Boulder County Public Defender's Office.

    Mr. Schneider has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss any of Mr. Schneider's claims that are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Schneider is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the Prisoner Complaint pursuant to § 1915(e)(2)(B)(i) and (iii).

The Court must construe the Prisoner Complaint liberally because Mr. Schneider is not represented by an attorney in this action.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Schneider is suing his public defender for what he contends was her ineffective assistance during his criminal prosecution.  He asks for the "viscarious [sic] disqualification" of the Boulder Public Defender's Office.  ECF No. 1 at 6.

Mr. Schneider's claims against his public defender must be dismissed.  Defense attorneys, whether court-appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding are not deemed to act under color of state law; such attorneys represent their client only, not the state, and cannot be sued in a § 1983 action.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994).  Therefore, Mr. Schneider's claims against his public defender are legally frivolous and will be dismissed.

Mr. Schneider also may not sue Boulder Public Defender's Office pursuant to § 1983.  The Boulder Public Defender's Office, which the Court construes as the Colorado office of state public defender, is an agency of the judicial department of the Colorado state government.  *See* Colo. Rev. Stat. § 21-1-101.  As a result, this agency is protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 66 (1989).

"It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Mr. Schneider's claims against the Boulder Public Defender's Office also will be dismissed pursuant to § 1915(e)(2)(B)(iii).

In summary, the claims against the individual public defender are legally frivolous and the public defender's office is immune from suit. To the extent Mr. Schneider seeks relief in this action from the Defendant entitled to immunity other than damages, he fails to cite any authority that would authorize such relief. Therefore, the entire action will be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because Plaintiff's claims either are legally frivolous or he is seeking relief from a Defendant entitled to immunity.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  16th  day of    October    , 2013.

BY THE COURT:

   s/Christine M. Arguello   
CHRISTINE M. ARGUELLO,
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court